**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ZACHARY TUCKER,<br>individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>PAPA JOHN'S INTERNATIONAL, INC., and PAPA JOHN'S USA, INC.,<br><br>    Defendants. | No. 3:14-cv-00618-SMY-PMF<br><br><br>JURY TRIAL DEMANDED |

**DEFENDANTS, PAPA JOHN'S INTERNATIONAL AND
PAPA JOHN'S USA'S REPLY TO PLAINTIFF'S MEMORANDUM
<u>IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS</u>**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Local Rule 7.1(c), Defendants, Papa John's International, Inc., and Papa John's USA, Inc., submit their Reply to Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss ("Response") (Doc. 19). This Reply is warranted by exceptional circumstances because it is necessary to correct several significant misstatements of law and fact in Plaintiff's Response. *See* SDIL-LR 7.1(c).

**ARGUMENT**

**I.  ILLINOIS LAW REQUIRES DISMISSAL OF THE ENTIRE COMPLAINT.**

Contrary to the arguments in Plaintiff's Response, the entire Class Action Complaint and Demand for Jury Trial ("Complaint") must be dismissed with prejudice as a matter of law. In many instances in his Response, Plaintiff raises points that are clearly contrary to the applicable Illinois or federal law, entirely ignores the bases for dismissal addressed in Defendants' Motion to Dismiss Class Action Complaint ("Motion to Dismiss"), or both. For the most part, Plaintiff's arguments are directly and conclusively rebutted by the authority discussed in Defendants'

Motion to Dismiss. Nonetheless, Defendants submit this Reply in order to correct and clarify the following specific issues misstated in Plaintiffs' Response.

      **A.    Dismissal Of Plaintiff's Claims Under The Voluntary Payment Doctrine Is Required On The Face Of The Complaint.**

Plaintiff's assertion that the voluntary payment doctrine is an affirmative defense not properly considered in a motion to dismiss is directly contrary to Illinois law. *See Russell v. Hertz Corp.*, 139 Ill. App. 3d 11 (1st Dist. 1985). In *Russell*, the court held that, in a lawsuit brought to recover taxes, "***involuntary payment is an element of the taxpayer's cause of action***." *Id.* at 16 (emphasis added). Accordingly, a "plaintiff must demonstrate involuntary payment as part of his *prima facie* case," and "[i]f his complaint fails to allege a sufficient factual basis to support this element, the plaintiff's action will be dismissed." *Id.*; *accord Goldstein Oil Co. v. Cook Cnty.*, 156 Ill. App. 3d 180, 183 (1st Dist. 1987).

As Plaintiff acknowledges, "a taxpayer . . . has paid the taxes ***involuntarily*** [only] if (1) the taxpayer lacked knowledge of the facts upon which to protest the taxes at the time he or she paid the taxes, ***or*** (2) the taxpayer paid the taxes under duress." *Geary v. Dominick's Finer Foods, Inc.*, 129 Ill. 2d 389, 393 (1989) (original emphasis). Plaintiff has not pled facts supporting either form of involuntariness in his Complaint. *See Weiss v. Altholtz*, No. 10 C 02609, 2011 WL 4538459, at *7-8 (N.D. Ill. Sept. 29, 2011) (dismissing claim where plaintiff "made no allegations that would fit her situation into an exception to the voluntary payment doctrine").

As to the first exception, Plaintiff summarily asserts that "Plaintiff paid Defendants' [sic] under a mistake of fact and would not have paid had the facts been known." Response, at p. 9. Yet, tellingly, Plaintiff's Complaint and Response fail to identify a single fact that was unknown to him. He has not done so, because he cannot. The only "misrepresentation" alleged in the

Complaint is that Defendants purportedly "supplied false information regarding the proper sales tax due and owing." Complaint, at ¶ 33. The amount of sales taxes due on a transaction, however, is a question of law, not of fact. And as the Seventh Circuit has made clear, "mistake of law is not a defense to the voluntary-payment rule because the law is equally accessible to both parties to the transaction." *Schlueter v. Latek*, 683 F.3d 350, 357 (7th Cir. 2012) (citations omitted); *see also Apex Motor Fuel Co. v. State*, 11 Ill. Ct. Cl. 36, 38 (1939) ("It is a well established rule of law that a tax or fee paid under a mistake of law cannot be recovered.").[1]

Nor is there any basis for finding that the tax was paid under "duress." *See Wexler v. Wirtz Corp.*, 211 Ill. 2d 18, 24 (2004) ("Such duress exists where the taxpayer's refusal to pay the tax would result in loss of reasonable access to a good or service considered essential."). While food, in the abstract, may be a "necessity of life," Plaintiff's delivery order from Papa John's was not. *Geary*, 129 Ill. 2d at 407. Indeed, nowhere in the Complaint does Plaintiff assert that, if he had failed to pay the sales tax on the delivery fee, he would have been deprived of all food. *Cf. id.* at 408 (complaint expressly alleged that tampons and sanitary napkins were medical necessities which the plaintiffs could not have obtained without paying the challenged tax). And even assuming a delivery pizza order was somehow a "necessity," the Complaint specifically states that "[f]or all food ordered from Papa John's, a customer has the option to pick

---

[1] For the same reason, Plaintiff's claim under the Illinois Consumer Fraud Act ("ICFA") is deficient as a matter of law. As discussed in Defendants' Motion to Dismiss, there can be no violation of the ICFA when the alleged misrepresentation pertains to a matter of law which the plaintiff is fully capable of determining, and the Illinois Supreme Court has held that an improper or unlawful charge is not, in and of itself, a deceptive or unfair act. *See* Motion to Dismiss, at pp. 15-16. Thus, even if the voluntary payment doctrine does not generally apply to an ICFA claim, as Plaintiff asserts, the claim must nonetheless be dismissed.

To the extent Plaintiff relies on *People ex rel. Hartigan v. Stianos*, 131 Ill. App. 3d 575 (2d Dist. 1985), for the position that allegations of an improper fee or tax are, alone, sufficient to state a claim under the ICFA, that assertion was directly rejected in *Stern v. Norwest Mortgage, Inc.*, 179 Ill. 2d 160 (1997). In *Stern*, the Illinois Supreme Court held that the plaintiffs failed to state a cause of action under the ICFA based on allegations of an unlawful charge where the "defendant did not conceal, suppress, or omit ***any material fact*** with the intent that plaintiffs would rely on such action." *Id.* at 169 (emphasis added). Likewise, Plaintiff has failed to identify any ***fact*** that was not known to him when he paid the now-challenged sales tax.

up the food or have it delivered." Complaint, at ¶ 15. Thus, Plaintiff's assertion that "had [he] not paid the tax he would not have received the food" is false. Response, at p. 9. Rather, Plaintiff could have obtained his order without paying the tax simply by choosing to pick it up himself.

      **B.**      **No Exception To The *Moorman* Doctrine Applies.**

As to the *Moorman* doctrine, Defendants do not—as Plaintiff claims—"look outside the Complaint" to show that dismissal of Plaintiff's tort claims is required. Response, at p. 7. The doctrine clearly applies because the damages sought in the Complaint "are 'solely economic damages' in the sense that they represent costs incurred in the absence of harm to a plaintiff's person or property." *City of Chi. v. Beretta U.S.A. Corp.*, 213 Ill. 2d 351, 423 (2004) (holding that the trial court properly granted the defendants' motion to dismiss).

Plaintiff does not dispute that the damages are solely economic, but rather, cites two exceptions to the *Moorman* doctrine recognized by Illinois courts, namely, that the doctrine does not bar claims for damages (1) based on an "intentional, false misrepresentation, *i.e.*, fraud," or (2) "proximately caused by a negligent misrepresentation by a defendant in the business of supplying information for the guidance of others in their business transactions." *1324 W. Pratt Condo. Ass'n v. Platt Constr. Grp., Inc.*, 404 Ill. App. 3d 611, 618 (1st Dist. 2010) (quoting *In re Chi. Flood Litig.*, 176 Ill. 2d 179, 199 (1997)). Neither exception, however, rehabilitates Plaintiff's claims for Negligence (Count I) and Negligent Misrepresentation (Count II).

First, Plaintiff wrongly maintains that his tort claims should not be dismissed under *Moorman* because he has "allege[d] sufficient facts to state a claim for intentionality under [his] tort causes of action." Response, at p. 12. However, as the court explained in rejecting this exact argument in *Ibarolla v. Nutrex Research, Inc.*, No. 12 C 4848, 2012 WL 5381236, *6

4

(N.D. Ill. Oct. 31, 2012), Plaintiff's assertion "confuse[s] basic tenets of tort law." Regardless of whether Plaintiff has adequately alleged fraud elsewhere in his Complaint, dismissal of Plaintiff's negligence claims would still be required for the simple reason that "by definition fraud is intentional and negligence is not." *Id.* Accordingly, "***the [fraud] exception to the Moorman*** ***doctrine cannot apply to a negligence claim***." *Id.* (emphasis added).

<u>Second</u>, the "pure information provider" exception is plainly inapplicable on the face of the Complaint, which clearly acknowledges that Defendants "offer pizza and other foods for sale to the general public." Complaint, at ¶ 9. Indeed, the entire premise of this action is that Plaintiff and members of the putative class were charged sales tax on delivery fees in the course of ordering pizza from Papa John's locations. *Id.* at ¶¶ 9-17. While Plaintiff maintains that this is a factual issue not properly resolved on a motion to dismiss, Plaintiff "has not made even the barest of allegations that [Defendants are] in the business of supplying information." *Radaviciute v. S&K Lim Cleaners, Inc.*, Case No. 12–cv–6420, 2014 WL 1909924, *3 (N.D. Ill. May 8, 2014) (dismissing negligence and negligent misrepresentation claims under the *Moorman* doctrine). Moreover, any such allegations would be absurd; Plaintiff cannot seriously maintain that he placed a delivery order with Papa John's for the purpose of obtaining tax advice.

## CONCLUSION

For the reasons set forth above and in their Motion to Dismiss, Defendants respectfully request that this Court (1) dismiss Plaintiff's Class Action Complaint with prejudice, and (2) direct the Clerk to enter final judgment in favor of Defendants.

**(Attorney's Signature Appears on the Following Page)**

| | |
|---|---|
| Dated: September 2, 2014 | Respectfully submitted, |

/s/ W. Jason Rankin
Larry E. Hepler
leh@heplerbroom.com
W. Jason Rankin
wjr@heplerbroom.com
**HEPLERBROOM LLC**
130 North Main Street
Edwardsville, Illinois 62025
Telephone: (618) 307-1117
Facsimile: (618) 656-1364

David B. Weinstein
weinsteind@gtlaw.com
Nicholas J. Secco
seccon@gtlaw.com
Andrew J. Patch
patcha@gtlaw.com
**GREENBERG TRAURIG, P.A.**
625 East Twiggs Street, Suite 100
Tampa, Florida 33602
Telephone: (813) 318-5700
Facsimile: (813) 318-5900

*Counsel for Defendants,*
*Papa John's International, Inc.,*
*and Papa John's USA, Inc.*

## CERTIFICATE OF SERVICE

I certify that on September 2, 2014, the foregoing REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS was filed with the Clerk using the CM/ECF system.

/s/W. Jason Rankin
Attorney