IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ZACHARY TUCKER, Individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>  vs.<br><br>PAPA JOHN'S INTERNATIONAL, INC. and PAPA JOHN'S USA, INC.,<br><br>      Defendants. | Case No. 14-cv-0618-SMY-PMF |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Zachary Tucker's Motion to Remand (Doc. 12). Defendants removed this case from the Third Judicial Circuit for Madison County, Illinois ("state court") to the U.S. District Court for Southern District of Illinois on May 29, 2014 (Doc. 2) pursuant to the Class Action Fairness Act of 2005 ("CAFA"). Plaintiff alleges lack of subject matter jurisdiction based on Defendants' failure to prove the jurisdictional amount in controversy and requests this Court to (1) remand the case to state court and (2) order Defendants pay the costs and attorney fees incurred by Plaintiff as a result of the removal. For the reasons that follow, Plaintiff's motion is **DENIED**.

CAFA grants federal subject matter jurisdiction for civil actions where (1) the plaintiff alleges 100 or more members in the purported class; (2) the plaintiff, as class representative, has different citizenship from at least one defendant; and (3) the amount in controversy exceeds the sum of value of $5,000,000 in the aggregate, exclusive of interest and costs. 28 U.S.C. § 1332(d). Defendants are not bound by plaintiff's estimates of the amount in controversy. *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir.2011). Where punitive

damages have *not* been sought in the complaint, courts must nonetheless consider punitive damages where they are available. *Id*. at 830-831.

The standard for determining whether the amount in controversy meets the threshold requirement is not how much is *likely* to be recovered, but how much is legally possible. *Spivey v. Vertrue*, Inc., 528 F.3d 982, 986 (7th Cir.2008) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million… then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.") Essentially, "the court has subject matter jurisdiction unless it is clear 'beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount.'" *Walsh Chiropractic, Ltd. v. StrataCare, Inc.*, 752 F. Supp. 2d 896, 902 (S.D. Ill. 2010) (quoting Cadek v. *Great Lakes Dragaway, Inc*., 58 F.3d 1209, 1212 (7th Cir.1995)).

Here, only the amount in controversy is disputed. Plaintiff argues that Defendants have inflated their damages figures and base their estimated amount in controversy on theoretical and unlikely awards. In particular, Plaintiff accuses Defendants of improperly calculating actual damages by extending what should be a three-year statute of limitations (under the Illinois Consumer Fraud Act) to ten years. Plaintiff also points to the fact that punitive damages were not sought in the Complaint, and even if the court considers them in determining the amount in controversy, they were improperly calculated at the upper end of the constitutional limit.

Plaintiff also claims that the "legally impossible" standard does not apply to this case, presumably because Defendants have not met their burden of proving contested facts. Plaintiff states, "If defendants are unable to prove by a preponderance of the evidence facts that establish the jurisdictional amount has been met, then they have not satisfied their burden." However, whether damages will exceed the threshold amount "is not a fact but a prediction, and with

respect to that subject the court must decide whether 'to a legal certainty… the claim is really for less than the jurisdictional amount.'" *Meridian*, 441 F.3d at 541 (quoting *Rising-Moore*, 435 F.3d 813).

*Meridian* does not create an opportunity to apply an alternate standard as Plaintiff suggests. In fact, the Seventh Circuit stated,

> Although the proponent of jurisdiction may be called on to prove facts that determine the amount in controversy—such as the economic effect that compliance with the law would have had on GMAC—once these facts have been established the proponent's estimate of the claim's value must be accepted unless there is "legal certainty" that the controversy's value is below the threshold.

*Id.*, referencing *Rising-Moore v. Red Roof Inns, Inc.,* 435 F.3d 813 (7th Cir.2006); *Pratt Central Park Limited Partnership v. Dames & Moore, Inc.,* 60 F.3d 350 (7th Cir.1995); *The Barbers, Hairstyling for Men & Women, Inc. v. Bishop*, 132 F.3d 1203 (7th Cir.1997).

*Meridian* further clarifies that "the removing defendant, as proponent of federal jurisdiction, must establish what the plaintiff stands to recover." *Id.* One method of doing so is by presenting affidavits from defendant's experts or employees as evidence of "how much it would cost to satisfy plaintiff's demands." *Id.* at 541-542. Then,

> Once the estimate has been made—and contested factual allegations that support the estimate have been established in a hearing under Rule 12(b)(1) by admissible evidence (that's what 'competent' proof means)—then the *St. Paul Mercury* standard comes to the fore, and the case stays in federal court unless it is legally certain that the controversy is worth less than the jurisdictional minimum.

*Id.* at 542.

Defendants have filed a declaration of their senior tax director setting forth actual damages totaling $582,088.27. Defendants argue that it is proper for this calculation to include money collected from 2004 to 2014 because the statute of limitations on breach of contract, which Plaintiff included as a cause of action in the complaint, is ten years. Defendants estimate

injunctive and declaratory relief at a value approaching $3 million, relying primarily on future cost-savings for consumers and not on foregone profits.  Defendants assert that punitive damages calculated at a 9-to-1 ratio (the uppermost limits) would alone satisfy the jurisdictional requirement, but with injunctive and declaratory relief included, a multiplier of 2.51 brings the total amount in controversy above $5 million.  Relying on their estimates, Defendants claim potential damages exceeding $8 million.

Though Plaintiff disputes Defendants' calculations for each category, the Court finds the factual allegations that support Defendants' estimates are uncontested.   Plaintiff's adoption of a different standard rests on a failure to differentiate between the material factual allegations which must be proven by Defendants by a preponderance of the evidence if contested, and the ultimate conclusion that the $5 million jurisdictional amount is satisfied.

Based on Defendants' estimates, which while uncertain to be awarded, are not legally impossible as the law would require, this Court cannot deny jurisdiction.  Defendants may have stretched their calculations to include the maximum amounts allowed by law, but without a showing that such amounts are legally impossible, Plaintiff cannot prevail on its Motion to Remand.  For these reasons, Plaintiff's Motion to Remand is **DENIED** in its entirety.

**IT IS SO ORDERED.**

**DATED:**  March 6, 2015

s/  Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**
